IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE ELAM | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-4663 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                        SEPTEMBER 2 , 2009

      Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 10), defendant's response and the reply thereto (Doc. Nos. 11 & 12), the court makes the following findings and conclusions:

      1.    On September 2, 2005, Stephanie Elam ("Elam") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI respectively of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date of February 20, 2001.[1]  (Tr. 11 ¶ 1, 73, 702).[2]  Throughout the administrative process, including an administrative hearing held on June 29, 2006, before an ALJ, Elam's claims were denied.  (Tr. 11-17; 707-11; 724-85).  After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Elam filed her complaint in this court on September 21, 2008.  (Tr. 3-6; Doc. No. 3).

      2.    In her October 26, 2006 decision, the ALJ concluded, *inter alia*, that Elam: (1) had severe impairments consisting of arthritis of the left knee, asthma and obesity; (2) her impairments did not meet or equal a listing; (3) she had the residual functional capacity ("RFC") for light work with no concentrated exposure to pulmonary irritants; (4); she could perform her past work as a photo composition machine operator; and (5) she was not disabled.  (Tr. 13 Findings 3 & 4; 14 Finding 5; 16 Findings 6 & 7).

      3.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  <u>Schaudeck v. Comm'r of Soc. Sec.</u>, 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consol. Edison Co. v.</u>

---

[1] Elam had also filed for benefits on January 15, 2002 alleging the same onset date.  (Tr. 23).  This application was denied by the ALJ and Appeals Counsel but Elam chose not to appeal it to the District Court.  (Tr. 20-36).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

   4. Elam raises several arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence.  As detailed below, I am unable to determine whether the ALJ based her decision on substantial evidence.  Therefore, this case must be remanded for further consideration.

   A. Elam contends that the ALJ failed to properly assess the impact that her obesity had on her other impairments.  Because I am unable to determine if the ALJ properly assessed the impact of Elam's obesity on her severe asthma and arthritis, this case must be remanded for further analysis.  Although the ALJ stated that she would consider obesity in combination with Elam's other impairments, as was most recently reiterated by the Third Circuit, such boilerplate language alone is not sufficient.  Diaz v. Comm'r of Soc. Sec., — F.3d —, 2009 WL 2449513, *3 (3d. Cir. Aug. 12, 2009).  The ALJ must then engage in and document his or her analysis of the obesity in step three of the sequential analysis forward.  Id.  This is especially imperative when assessing the impact of obesity on musculoskeletal, respiratory, and cardiovascular impairments like those at issue in this case.  Id. at *3-*4.  Unfortunately, the ALJ did not document how she considered Elam's obesity in combination with her other impairments throughout the sequential analysis.  On remand, the ALJ shall explicitly examine the interplay of Elam's impairments, especially focusing on the impact of her obesity.

   B. Elam also argues that the ALJ failed to discuss all of her impairments and determine whether they were severe.  On remand, the ALJ shall also determine and discuss whether Elam's other alleged impairments, such as her heel spurs, fibromyalgia, urinary tract issues, and migraine headaches are severe and to what extent they impact her ability to perform work individually and in combination with her other impairments.

   C. Finally, there is some question regarding whether the ALJ *de facto* reopened Elam's previous January 15, 2002 claims.  Elam sought a re-opening during the hearing, and while the ALJ did not explicitly discuss in her decision whether she was reopening the prior case, she did state several times that she had considered all of the evidence from February 20, 2001 forward, and that Elam had not been disabled from February 20, 2001 onward (this is the alleged on-set date for both her denied prior application and her current application).  (Tr. 11 ¶ 4; 16 Finding 7; 727-28).  On remand, the ALJ shall clearly state in her decision whether she intended to re-open Elam's previous claims.

   D. Because this case will be remanded, I do not find it necessary to address Elam's other contentions.

   5. I conclude that this case must be remanded to the ALJ in order for her to more fully and explicitly evaluate Elam's impairments, including obesity, and their impact, both individually and in combination, on her ability to work.

   An appropriate Order follows.